JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

R 01-092

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
JUN 0 5 2001
Michael N. Milby
Clerk of Court

**I. (a) PLAINTIFFS**
UNITED STATES OF AMERICA

**DEFENDANTS**
CERTAIN REAL PROPERTY KNOWN AS 2808 HACKBERRY LANE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** CAMERON
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
RONALD G. MORGAN
600 E. HARRISON STREET, #201
BROWNSVILLE, TX 78520-7114
(956) 548-2554

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S Government Defendant
☐ 3 Federal Question (U S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

21 § 881(a)(6)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 6-5-1

SIGNATURE OF ATTORNEY OF RECORD
RONALD G. MORGAN

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| Plaintiff, § | |
| § | |
| vs § | CIV. NO. B 01-092 |
| § | |
| CERTAIN REAL PROPERTY KNOWN § | |
| AS 2808 HACKBERRY LANE § | |
| Defendant. § | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

NOW COMES the United States of America, Plaintiff, by and through its attorneys GREGORY A. SERRES, United States Attorney, and RONALD G. MORGAN, Assistant United States Attorney, and in support of this Complaint for forfeiture in rem states as follows:

### Jurisdiction and Venue

1) This is a civil action in rem brought, in accordance with 18 U.S.C. §§ 983 and 985, to enforce the provisions of 21 U.S.C. § 881(a)(6), which provide for the forfeiture of property which is purchased/improved with narcotic trafficking proceeds in violation of Title II of the Controlled Substance Act, 21 U.S.C. § 801 et seq.

2) This Court has jurisdiction to hear this matter pursuant to Title 28 U.S.C. §§ 1345, 1355.

3) Venue is properly in this district pursuant to Title 28 U.S.C. §1395 and 18 U.S.C. § 981(h).

### Parties

4) The Plaintiff is the United States of America.

5) The Defendant Property is as follows: All that lot or parcel of land, together with its

buildings, appurtenances, improvements, fixtures, attachments and easements, generally known as 2808 HACKBERRY LANE, BROWNSVILLE, CAMERON COUNTY, TEXAS, more particularly described as:

> 1.82 acres of land out of Block 49, of the El Jardin Subdivision, Tract 33, in Share 19, of the Espiritu Santo grant, in Cameron County, Texas

(hereinafter "Defendant Property).

## Factual Background

6) The Defendant Property, as real property, was, is, and will remain within the jurisdiction of this Court during the pendency of this action.

7) In support of this complaint, the United States avers that an investigation by the Drug Enforcement Administration revealed that BERNARDINO RUIZ-VALDEZ, spouse of IRMA VALDEZ, and formerly one of the titled owners of the Defendant Property, was engaged in the transportation and distribution of controlled substances.

8) On August 6, 1999 a warrant for the arrest of BERNARDINO RUIZ VALDEZ for conspiring to distribute cocaine in violation of 21 U.S.C. § 846 was issued by a United States Magistrate Judge in the Eastern District of New York. On January 25, 2001, BERNARDINO RUIZ VALDEZ was apprehended as he attempted to enter the United States from Mexico via the Gateway International Bridge in Brownsville, Texas.

9) On February 20, 2001, a grand jury for the Eastern District of New York, returned an indictment against BERNARDINO RUIZ VALDEZ, charging him with conspiracy to distribute five kilograms or more of cocaine and marihuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and §846. The grand jury found probable cause to believe that BERNARDINO RUIZ VALDEZ had engaged in such a conspiracy ""[i]n or about and between January 1996 and November 1997."

10) On April 27, 2001, BERNARDINO RUIZ VALDEZ entered a plea of guilty to a superseding criminal information charging him in three counts with three separate instances, between January 1996 and the fall of 1996, of conspiring to distribute and possess cocaine.

11) Upon information and belief, the Government avers that in 1993, BERNARDINO RUIZ VALDEZ was convicted in a Cameron County, Texas, District Court of felony possession of more than 50 pounds, but less than 200 pounds, of marihuana. At that time he was sentenced to ten years imprisonment, probated for ten years.

12) Upon information and belief, the Government avers that in November, 1997, approximately 178 pounds of marihuana was seized from the cab of a tractor trailer that was driven by Bobby Lee Guerrero and which was transporting goods for Valdez Trucking, one of whose principals was BERNARDINO RUIZ VALDEZ.

13) Upon information and belief, the Government avers that in January, 1998, the land portion of the Defendant Property, i.e., "the lot" was purchased by BERNARDINO RUIZ VALDEZ and his spouse, IRMA VALDEZ, for $55,000.00. The loan obtained by BERNARDINO RUIZ VALDEZ and his spouse IRMA VALDEZ to purchase the lot was paid off in February, 1999.

14) Upon information and belief, the Government avers that in 1998, BERNARDINO RUIZ VALDEZ and his spouse, IRMA VALDEZ, constructed a home on the lot. Based upon its appraised value, the home cost in excess of $150,000.00 to build. The Government further avers that the construction was not financed.

15) Upon information and belief, the Government avers that during the relevant periods the legitimate and reported income of BERNARDINO RUIZ VALDEZ and his spouse, IRMA

3

ClibPDF - www.fastio.com

VALDEZ, was insufficient to pay off the lot and construct the home on it.

16) In September, 1999, after several of BERNARDINO RUIZ VALDEZ's co-conspirators under the original indictment were arrested and a warrant for the arrest of BERNARDINO RUIZ VALDEZ was issued, BERNARDINO RUIZ VALDEZ transferred the Defendant Property to his spouse IRMA VALDEZ. The transfer of BERNARDINO RUIZ VALDEZ's interest in the Defendant Property was for ten dollars and "love and affection."

17) IRMA VALDEZ, the spouse of BERNARDINO RUIZ VALDEZ, was not a <u>bona fide</u> purchaser of the property in her own right. Instead, her interest, if any, in the Defendant property was derived solely from her status as the spouse of BERNARDINO RUIZ VALDEZ and that the transfer of Defendant Property by BERNARDINO RUIZ VALDEZ to IRMA VALDEZ does not change the status of IRMA VALDEZ.

18) These facts clearly indicate by a preponderance of the evidence that the Defendant Property was purchased with proceeds derived from the possession with the intent to distribute and the distribution of controlled substances, in violation of 21 U.S.C. § 841 and that IRMA VALDEZ was not a <u>bona fide</u> purchaser of the Defendant Property.

19) Based upon the foregoing, the Defendant Property, with all appurtenances and improvements thereon, was purchased with or improvements made to it using the proceeds of transactions involving controlled substances, for which reason it is forfeitable under 21 U.S.C. § 881 (a)(6), for violation of the Controlled Substances Act, 21 U.S.C. § 801 <u>et seq</u>.

20) WHEREFORE, the United States of America asserts that based upon facts known to it, the above described Defendant Property, by a preponderance of the evidence, is forfeitable to the United States as the proceeds of or property traceable to proceeds furnished in exchange for a

4

controlled substance in violation of Title 21 United States Code.

21) Therefore, the United States respectfully requests that this court cause to be issued the following:

(A) A Notice of Complaint, in accordance with 18 U.S.C. 985(c)(1)(B), which, according to the normal procedure of this Court, will cite all persons having an interest in the Defendant Property to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, as modified by 18 U.S.C. § 983 (a)(2)(B), or as ordered by this Court;

(B) A copy of the Notice of Complaint which will be issued to the United States Marshal, commanding him to post the Notice of Complaint on the Defendant Property;

(C) A judgment of forfeiture to the United States be decreed against the Defendant Property; and

(D) An award for costs and other further relief to which Plaintiff may be entitled.

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: /s/ Ronald G. Morgan
RONALD G. MORGAN
Assistant U. S. Attorney
Federal Bar No. 23902
TX Bar No. 00795014
600 East Harrison, # 201
Brownsville, Texas 78520
Tel No. (956) 548-2554
Fax No. (956) 548-2711

5

# VERIFICATION

I, <u>Esteban Mendoza</u>, upon oath declare and say that:

1. I am a Task Force Officer with the United States Drug Enforcement Administration and I am one of the agents responsible for the investigation concerning this litigation.

2. I have read the above Complaint for Forfeiture.

3. I have furnished the information leading to the allegations contained in the Complaint for Forfeiture.

4. Based on my investigation, the information and allegations contained in the Complaint for Forfeiture are true and correct and establish by a preponderance of the evidence proof to seize and forfeit the Defendant Property as set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __31__ Day of ___May___, 2001.

_____
ESTEBAN MENDOZA
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on this the __31st__ day of __May__, 2001.

[Notary Seal: Melva I. Tamez, Notary Public, State of Texas, My Commission Expires December 6, 2004]

_____
Notary Public for the States of Texas

My commission expires on __12/06/2004__.

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** was sent via first-class mail, return receipt requested, to the interested parties listed below on this 5th day of June, 2001.

BERNARDINO RUIZ VALDEZ
Reg. No. 94647-079
Metropolitan Detention Center-Brooklyn
100 - 29th Street
Brooklyn, New York 11232

IRMA VALDEZ
2808 Hackberry Lane
Brownsville, Texas 78521

RONALD G. MORGAN
Assistant U.S. Attorney

7

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__

United States of America

V.

Certain Real Property Known
as 2808 Hackberry Lane

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B 01-092

TO: (Name and Address of Defendant)

Irma Valdez
2808 Hackberry Lane
Brownsville, Texas 78521

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assistant United States Attorney
600 E. Harrison Street, #201
Brownsville, TX 78520-7114

an answer to the complaint which is herewith served upon you, within __ten (10)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk

CLERK

_signature_

BY DEPUTY CLERK

June 5, 2001

DATE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

__Southern__ DISTRICT OF __Texas__

United States of America

V.

Certain Real Property Known
As 2808 Hackberry Lane

SUMMONS IN A CIVIL ACTION

CASE NUMBER: **B 01-092**

TO: (Name and Address of Defendant)

Bernardino Ruiz Valdez
Reg. No. 94647-079
Metropolitan Detention Center - Brooklyn
100 - 29th Street
Brooklyn, New York 11232

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Ronald G. Morgan
Assistant United States Attorney
600 E. Harrison Street, #201
Brownsville, TX 78520-7114

an answer to the complaint which is herewith served upon you, within __ten (10)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Michael N. Milby, Clerk
CLERK

June 5, 2001
DATE

BY DEPUTY CLERK